UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHI XIA,<br><br>           Petitioner,<br>v.<br><br>NEVADA ATTORNEY GENERAL, et al.,<br><br>           Respondents. | Case No. 3:16-cv-00651-HDM-VPC<br><br>ORDER |

Petitioner Chi Xia has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee (ECF Nos. 1-1, 4). While filed as one document, at the end of the petition, Xia asks this court for a stay of these federal proceedings until his state habeas petition is resolved (ECF No. 1-1, p. 17). This court, therefore, considers whether to stay this action.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines,* 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*.  *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Petitioner states on the face of his current federal petition that he has a state postconviction petition currently pending in state court (ECF No. 1-1, p. 1).  This court takes judicial notice of the Nevada Supreme Court docket, and Xia appears to have an appeal of the denial of his state postconviction petition pending.  *See* Nevada Supreme Court Case No. 64593.  Xia further explains that multiple fast track appeals were filed in this case, he is unsure of the calculation of the AEDPA one-year time limit under 28 U.S.C. § 2241(d)(1), and he thus has reasonable confusion about whether he will face a time bar in federal court without a stay of these proceedings (ECF No. 1-1, p. 17).

In *Pace v. DiGuglielmo*, 544 U.S. 416 (2005), the United States Supreme Court stated that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause for him to file in federal court."  The Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a

2

final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. In this regard, petitioner's pro se federal petition was appropriately filed as a protective petition. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. It is unclear whether petitioner's state postconviction petition, which appears to raise ineffective assistance of counsel claims, will be deemed timely filed. Accordingly, a stay and abeyance of this federal habeas corpus proceeding is appropriate. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Currently, the court has no indication that petitioner engaged in dilatory litigation tactics. This court thus concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*. This federal habeas action shall be stayed pending the resolution of Xia's state postconviction proceedings.

**IT IS THEREFORE ORDERED** that the Clerk detach, file and **ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's state postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within forty-five (45) days of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: April 5, 2017.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE