UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHI XIA,<br>　　　　　　　Petitioner,<br>v.<br>NEVADA ATTORNEY GENERAL, et al.,<br>　　　　　　　Respondents. | Case No. 3:16-cv-00651-HDM-VPC<br><br>ORDER |

Before the court is respondents' motion to dismiss one claim in Chi Xia's 28 U.S.C. § 2254 habeas corpus petition as untimely and/or unexhausted (ECF No. 27). Xia opposed, and respondents replied (ECF Nos. 31, 32). As discussed below, the motion is granted, and the claim is dismissed as untimely.

**I.　　Procedural History and Background**

On August 8, 2013, a jury convicted Xia of 6 counts of theft and 1 count of attempted theft (exhibit 47).[1] The state district court sentenced him to 6 concurrent terms of 3-10 years and 1 concurrent term of 1-4 years. Exh. 52. Judgment of conviction was entered on November 25, 2013. *Id*.

The Nevada Supreme Court affirmed Xia's convictions on November 13, 2015, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition on December 28, 2017. Exhs. 96, 116.

Meanwhile, Xia had dispatched his federal habeas petition for filing on or about November 3, 2016 (ECF No. 6). This court granted Xia's motion to stay pending the

---
[1] The exhibits referenced in this order are respondents' exhibits and are found at ECF Nos. 28-30.

1

resolution of his state-court litigation and subsequently appointed counsel (ECF Nos. 5, 10). Respondents have moved to dismiss ground 1(B) as untimely and/or unexhausted (ECF No. 27).

**II.    Legal Standard & Analysis**

### Ground 1(B) and Relation Back

Respondents argue that ground 1(B) of the second-amended petition is untimely and does not relate back to the timely, original petition (ECF No. 27, pp. 4-6).

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005); 28 U.S.C. § 2244. In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, Xia claims in ground 1(B) his trial attorney rendered ineffective assistance when he failed to advise Xia about the immigration consequences of a conviction at trial

2

(ECF No. 23, pp. 8-10). Xia does not dispute that this claim must relate back to his original petition in order to be timely (*see* ECF No. 27, p. 5, n.2; ECF No. 31, pp. 3-4). In his original petition, Xia argued that his right to decide whether to accept the plea offer was violated because his counsel failed to explain the offer (ECF No. 6, p. 44). Xia, who speaks Mandarin, asserted that his attorney took the case to trial "without ever getting the plea offer in front of petitioner with a translator," and without "allowing him to make a decision." *Id*.

This court concludes that the claim in the second-amended petition depends "upon events separate in 'both time and type' from the originally raised" claim. *Mayle*, 545 U.S. at 657. Allegations that counsel failed to advise Xia of the immigration consequences of going to trial are significantly different (or additional) operative facts from the claim that counsel failed to explain the plea offer. Notably, ground 1 in the second-amended petition is separated into two parts: (A) counsel failed to explain the plea offer and (B) counsel failed to advise of the immigration consequences of going to trial (ECF No. 23, pp. 6-10). This court concludes that there is an insufficient common "core of operative facts" to unite the original and newly asserted claims. *Mayle*, 545 U.S. at 659.

Therefore, ground 1(B) does not relate back to the original petition and is dismissed as untimely.[2]

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 27) is **GRANTED**. Ground 1(B) is dismissed as untimely.

**IT IS FURTHER ORDERED** that respondents shall have **45 days** to file an answer to the first-amended petition.

---
[2] Respondents asserted that ground 2 was unexhausted, but subsequently withdrew that argument because Xia raised the claim on direct appeal (ECF No. 23, pp. 10-11; ECF No. 31, pp. 6-7; ECF No. 32, p. 3, n.2).

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** after the date of service of the answer in which to file the reply in support of the petition.

**IT IS FURTHER ORDERED** that respondents' motion to extend time (ECF no. 26) is **GRANTED** *nunc pro tunc*.

DATED: February 24, 2020.

*[signature: Howard D. McKibben]*

HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE